Mr. Justice Koll
delivered the opinion of the Court,
Several viitvs of this case have been presented to the Court in the course of the argument. But the only question which it is necessary to consider is, whether the jury were correctly instructed with regard to the law. For ii they have predicated their verdict on a misconception of the law, the plaintiff is entitled toa new trial, although possibly the testimony may have authorized the same result, If the law had been correctly stated to them. We are always authorized to presume that the jury pay. that respect to the opinion of the Court, on a point of law, as to be governed by it, except- when the contrary appears by the ver - diet itself. And from the best consideration I have beer, able to give the subject, I am of opinion that the land passed under the will. That the plaintiff having united the two tracts B. and C. had acquired a title to the avenue, and was therefpre entitled to a verdict. I take it to be a conceded principle of national law, that where two state:; are separated by a river, each is entitled to hold to the middle of the stream. It-is laid down in Vattel, 110, B. 1, ch. 22, that where a river divides two nations, and neither can shew a preference, the dominion of each extends to the, middle of the rivei% It has however been said, that this is a principle of national law only, and not applicable to cases of- individuals. But Í think it will appear to be equally a rule of municipal law, and that it applies as well - ro roads as to rivers. Lord Hale says, that “ fresh river; *70 do of common right belong to the owners of the soil adjacent ; so that the owners of the one side have of common righrthe property'of the soil, and consequently the right of fishing usque ad filum aquce : and the owners of the soil on the other side, the the right of soil and ownership, and fishing unto the filum aquce on their side.” (Harg. Law. Tracts, 5.)
In the case of the Royal Fishery of the Banne, Dav. Rep. 149, it was resolved, that rivers not navigable belong to the owners of the soil; and if such river runneth between •two manors, and is the mean or boundary between them, the one moiety of the river and fishery belongs to one lord, and the other moiety to the other. And this point, it is said, was resolved in this case by the rules and authorities of the common law. But, besides, it is further said in the same case that divers rules of the civil law and customary law of France, agreeable to our law in this point, were cited out of Renatas Choppinus, a very good author. It is also recognized in Pennsylvania as a rule of the common law ; though held, very properly, I think, not to be applicable to the large navigable rivers of that'State. (a.) The same distinction, I have no doubt, would be made here. — ■ The ebbing and flowing of the tide cannot give character to our rivers as it appears to do in England. In rivers which are navigable for many hundred miles above the flowing of the tide, some other criterion must be resorted to. But that does not alter the principle, where it is admitted that the stream is not navigable.
In New-York the same rule prevails. (Jackson vs. Louw, 12 Johnson, 255,) All these, to be sure, were rivers and not roads; but they serve to illustrate the principle. (b.) The same rule must be applicable to both; it is one founded on necessity and convenience. The laying out of a road over a man’s land does not divest the owner of the soil. (Chester vs. Alker & Elmes, 1 Burr. 143. Lade vs. Shepherd, 2 Str. 1004. 1 Will. 107. Harrison vs. Parker, 6 East, 154. Jackson vs. Hathaway, 15 Johnson, 453.) It only operates as a suspension of the use as long *71 as it is required for public purposes. The reversionary interest remains unimpaired by any. lapse of lime, if the land become divided, and the road be made the boundary of both parts, upon a discontinuance of the road, that interstice will be reduced to a mathematical line, which must be in the middle. In the sub-divisions of land which are daily taking place in our country, we find that the most permanent boundaries,; such as rivers, creeks, and roads, are usually sought for. The occupants on neither side can claim an exclusive right; because it is the boundary of both. They can not have a common interest, because there is no community of interest in the soil on each side. Policy forbids it, because it would lead to endless contention and strife. The various purposes of machinery to which a creek or river may be applied requires that each should exercise an exclusive right to the middle. In the case of Jackson vs. Hathaway, (15 Johnson, 453,) Judge Platt, who delivered the opinion of the Court, says, that where a stake is called for on Uk side of a road, and a line from thence running a certain course to another stake, and so on by specified courses and distances, it will exclude the road. But he says, “ where a farm is hounded along ■ a high way, or upon a high way, or running to a high way, there is reason to intend that the parties meant the middle of the high way.” I think, therefore, whether we consider ft upon principle or authority, we are authorized to conclude that it is a rule of national law, and of the common and civil law. That it is the law of several of the states, as far as it is applicable to their particular situations, and not altered by any act of the Legislature, I have already shewn ; and I think, therefore, we must consider it to be the law of this state.
I will now enquire whether this case comes within the 'rule i
I have not the will before me, by which I can ascertain the precise words in which the devises are couched. I am obliged to rely, therefore, upon the impressions made at the argument .and memoranda taken at the time. I can. *72 however, say with confidence, that there are no exprese-words of exclusion. The testator simply devises the land oil the west side of the road (o one son, and that on the other side to another son, and calls for the road as the boundary of each. There is nothing therefore in this case to make it an exception to the general rule. It is worthy of remark also,, that A. and B. were both devised to ‘Josiah Rivers, He sold to Benjamin Harvey, the uncle of the defendant, the tract B. ^ with one half of the avermcR Benjamin Harvey sold the same to Alexander Chisolm,— Gracia Rivers, to whom C. was devised, sold to fonal: .Rivers, and described it as bounding on Alexander Ckis-alm's land. So that both the devisees, (and one of them the devisee of the tract A.) considered themselves ns hold* ■ ng to the middle of the avenue. In addition therefore to the law, and to the policy and convenience of the rule, we 'nave the opinions of all the parties then interested in the uuestion.
It is however contended that laying off the avenue, and leaving it open for any who choose to travel that way, was a dedication of it to the public, and that it thereby became ■i public high way.
Hut to lay off a road through ones own plantation, and ■tor his own convenience, cannot be construed into a dedi-i ation of it to public use.
If it had become a public market road, or even if he bad 'permitted a church or other public building tobe built ;>.t the end of the avenue, it might have admitted of that construction. But the only purpose for which this road was ever used was that of fishing and cutting the marsh grass. It is true, that through politeness and courtesy he permitted his neighbours to participate in those enjoyments. But a mere courtesy can never grow into a right. Indeed it does not appear that any person claims the right, .except the defendant.
To constitute a high way, it must at least be of public utility, if not of necessity. But this was incapable of becoming a public road. Its use was necessarily limited fy *73 a few neighbours, and that ior the purposes of convenience inore than necessity. It is also contended that the defendant is entitled to the use of this road as appurtenant ro his house. But he certainly cannot claim the land itself as an appurtenance. One separate and distinct piece of land cannot be an appurtenance to another. Besides, the devisor has not given any appurtenances with his land j. ■ and even if he had, the use of this road could not have been one. It is not every thing that is convenient to a man’s plantation that can be considered as appurtenant to it. The testator owned all the lands in question. And when he owned the whole, it was convenient for him to have this road or avenue open. But it did not become appurtenant to it, because his mansion House happened to be there. It was equally convenient for the enjoyment of all his lands, and as much so to B. and C. and perhaps more than to A. And the mere reservation of a privilege for himself could not be a dedication to the use of another. Neither can we suppose that he intended to allow a privilege to one of his children, which would be.#an incum-brance to another, and particularly, without an express declaration to that effect. It is not however necessary to dwell upon this point. For if the defendant has any exclusive or common right, he will have an opportunity of shewing it ón another trial.
I am of opinion a new trial ought to be granted on the ground of misdirection.
Justices ‘Johnson and Huger, concurred.
Justice Colcock, dissented.

 Carson vs. Blazer, 2 Binney, 476.

 See Law Register, by Judge Griffith, article Connecticut, page "’’S. Or 3 Conn. Rep, 480, • R,